# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ERMIN S.,

Case No. 26-cv-200 (LMP/DLM)

Petitioner,

v.

CROW WING COUNTY JAIL and
UNITED STATES OF AMERICA,

Respondents.

**ORDER REJECTING
REPORT AND
RECOMMENDATION**

Ermin S., pro se.

David R. Hackworthy and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondent United States of America.[1]

Petitioner Ermin S. filed a petition for a writ of habeas corpus on January 12, 2026, alleging he is being detained unlawfully by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. On April 17, 2026, United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that Ermin S.'s petition be granted. ECF No. 11. The United States (the "Government") filed objections to the R&R, ECF No. 13, and submitted additional evidence that was not in the record before Judge Micko, *see generally* ECF Nos. 13-1, 13-2. Having considered the R&R and the Government's objections and newly submitted evidence, the Court rejects the R&R and denies Ermin S.'s petition—not because the Court disagrees with Judge Micko's analysis,

---

[1] Respondent Crow Wing County Jail has not appeared or otherwise participated in these proceedings. As used in this Order, "Government" does not refer to or include the Crow Wing County Jail.

but because the newly submitted evidence shows that Ermin S.'s removal is significantly likely to occur in the reasonably foreseeable future.

## FACTUAL BACKGROUND[2]

Ermin S. is a native and citizen of Bosnia and Herzegovina ("Bosnia"). ECF No. 10 ¶ 4. He came to the United States as a refugee in 1996 and adjusted his status to that of a lawful permanent resident ("LPR") in 1997. *Id.* ¶¶ 5–6. He has remained in the United States since he arrived, and is married to a United States citizen, with whom he has a child who is also a United States citizen. ECF No. 1 at 7. Since 2009, Ermin S. has amassed a lengthy criminal history, including convictions for domestic assault, driving while intoxicated, disorderly conduct, theft, and various drug-related offenses. *See* ECF No. 13-2 at 17–18.

In December 2016, ICE arrested Ermin S. in Grand Forks, North Dakota, and served him with a Notice to Appear. ECF No. 10 ¶ 11. In May 2017, an immigration judge granted Ermin S. cancellation of removal. *Id.* ¶ 13. In May 2021, ICE again arrested Ermin S. and served him with a new Notice to Appear, and an immigration judge ordered Ermin S. removed to Bosnia and denied all forms of relief. *Id.* ¶¶ 17–18. Ermin S. appealed the immigration judge's decision to the Board of Immigration Appeals, but he later withdrew the appeal, rendering the removal order administratively final. *See id.* ¶¶ 19–20.

---

[2]    The Court's recitation of the factual background incorporates information contained in the Government's newly submitted evidence. *See* D. Minn. L.R. 72.2(b)(3) (stating that a district judge conducting a de novo review of a magistrate judge's disposition "that has been properly objected to" may "receive further evidence").

Ermin S. remained in ICE custody until April 2022. *See id.* ¶ 21; ECF No. 13-1 ¶ 6. At that time, ICE determined that it would be unable to remove Ermin S. to Bosnia because the Bosnian government could not verify Ermin S.'s Bosnian citizenship and, therefore, could not issue a travel document. *See* ECF No. 10 ¶ 21; ECF No. 13-1 ¶ 6. As a result, ICE released Ermin S. from custody on an Order of Supervision ("OSUP") on April 20, 2022. ECF No. 13-1 ¶ 6; ECF No. 13-2 at 1–7. Under the conditions of the OSUP, Ermin S. was to report regularly to ICE, notify ICE of any change to his address, assist ICE in obtaining a Bosnian travel document, and refrain from committing any crimes. ECF No. 13-2 at 3, 5. On April 22, 2022, two days after his release on the OSUP, the Bosnian government confirmed Ermin S.'s citizenship but notified ICE that it required some form of valid, government-issued photo identification ("ID") to issue a travel document for Ermin S. ECF No. 13 ¶ 8.

On May 20, 2022, ICE instructed Ermin S. to obtain a state-issued ID by September 1, 2022. *Id.* ¶ 9. Ermin S. reported to ICE on August 1, 2022, but he informed ICE that he left his ID at home. *Id.* ¶ 10. ICE confirmed through a records check that Ermin S. had either been issued or had applied for an ID. ECF No. 10 ¶ 24. ICE instructed Ermin S. to mail a copy of the ID and report again on September 15, 2022. ECF No. 13-1 ¶ 10. Ermin S. instead mailed ICE a copy of his workplace ID and an expired LPR card. *Id.* ¶ 11. ICE instructed Ermin S. to obtain a valid state ID and report in person on November 1, 2022, but when he reported to ICE on that date, he provided only a copy of his Bosnian birth certificate. *Id.* ¶¶ 11–12.

ICE then instructed Ermin S. to apply for an Employment Authorization Document ("EAD") with United States Citizenship and Immigration Services ("USCIS") by February 1, 2023, and provided Ermin S. with contact information for a legal service provider to assist him in completing the application. *Id.* ¶ 12. Ermin S. did not complete the application by that date. *Id.* ¶ 13. Ermin S. appears to have completed the form and submitted it to USCIS after February 1, 2023, but on May 2, 2023, Ermin S. reported to ICE with a letter from USCIS indicating that the EAD application form he submitted was an outdated version. *See id.* ¶ 14. ICE directed Ermin S. to USCIS's website to find the correct version of the form and instructed him to obtain an EAD card by August 1, 2023, his next scheduled reporting date. *Id.*

Ermin S. did not report to ICE on August 1, 2023. *Id.* ¶ 15. On October 17, 2023, ICE attempted to contact Ermin S. at his last known phone number, but it was no longer in service, and ICE was unable to find a new phone number for Ermin S. through a records search. *Id.* ¶ 16.

On August 2, 2024, ICE learned that Ermin S. had been charged with felony burglary and theft in Otter Tail County, Minnesota. *Id.* ¶ 17. ICE contacted the Pelican Rapids Police Department to obtain Ermin S.'s address and discovered that it did not match the address in ICE's records. *See id.* The Pelican Rapids Police Department also informed ICE that Ermin S. had a valid Minnesota driver's license. *Id.*

On May 5, 2025, ICE learned that Ermin S. was being detained at the Otter Tail County Jail. *Id.* ¶ 20. ICE sent a call-in letter to Ermin S. and instructed him to report on June 11, 2025. *Id.*; *see* ECF No. 13-2 at 8. Ermin S. asked the jail staff to inform ICE that

4

he would not be able to report on June 11 because he was still in custody.  ECF No. 10 ¶ 30; *see* ECF No. 13-2 at 17.

On July 14, 2025, Ermin S. was convicted of felony theft in the Otter Tail County District Court, but the court stayed his sentence.  ECF No. 10 ¶ 32.  The next day, ICE arrested Ermin S. at the Otter Tail County probation and parole office and served him with a notice of revocation of his OSUP.  *Id.* ¶¶ 33–34; ECF No. 13-2 at 9–10.  The revocation notice states that Ermin S.'s OSUP was revoked "[b]ased on recent discussions with the government of Bosnia-Herzegovina" which ICE believed created "a significant likelihood of [his] removal in the reasonably foreseeable future."  ECF No. 13-2 at 9.  ICE conducted an informal interview with Ermin S., but he declined to offer any statement.  *Id.* at 12.

On September 15, 2025, ICE served an administrative warrant on the Minnesota Department of Motor Vehicles ("DMV") requesting a copy of Ermin S.'s Minnesota state ID.  ECF No. 13-1 ¶ 25.  The DMV responded on September 19, 2025, refusing to supply the ID without a judicial search warrant.  *See id.*  On October 15, 2025, ICE submitted a travel document request to the Bosnian consulate, which remains pending upon ICE obtaining a valid, government-issued photo ID for Ermin S.  ECF No. 10 ¶¶ 37, 39.  As of April 22, 2026, ICE and USCIS had begun coordinating an expedited application for an EAD for Ermin S., which will satisfy the Bosnian consulate's photo-ID requirement.  ECF No. 13-1 ¶ 27.

On November 7, 2025, ICE served Ermin S. with a 90-Day Decision to Continue Detention Letter.  ECF No. 10 ¶ 38.  He was detained at the Crow Wing County Jail

beginning December 18, 2025, ECF No. 13-1 ¶ 26, but was recently transferred to the Freeborn County Jail.[3]

## PROCEDURAL BACKGROUND

Ermin S., acting pro se, filed a petition for a writ of habeas corpus on January 12, 2026. ECF No. 1. In his petition, Ermin S. challenges his detention under 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. *Id.* at 6. But Section 1226(a) does not apply to Ermin S. because he is subject to a final order of removal, so the Court ordered Ermin S. to show cause why his petition should not be dismissed. ECF No. 4. In response, Ermin S. raised new arguments challenging his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that his detention is unlawful because he has been in custody for more than six months and because his removal is not significantly likely in the reasonably foreseeable future due to the Government's inability to obtain a travel document for him. ECF No. 7 at 1–2.

Because the Government had not yet answered the petition, the Court incorporated Ermin S.'s *Zadvydas* claim into his petition along with his initial due process claim and ordered the Government to respond. ECF No. 8. The Government timely responded. ECF No. 9.

Judge Micko issued the R&R on April 17, 2026, recommending that Ermin S.'s petition be granted and that the Court order his immediate release from custody. ECF

---

[3] Ermin S. called the Clerk of Court to inform the Court of his new address at the Freeborn County Jail on May 27, 2025. Ermin S. also informed the Court of his change in address in letters dated June 8, 2026, ECF No. 20, and June 12, 2026, ECR No. 21.

6

No. 11. Based on the record before him at the time, Judge Micko determined that the Government had not met its burden to show "changed circumstances that made Ermin S.'s removal likely in the reasonably foreseeable future at the time of revocation." *Id.* at 14. Specifically, Judge Micko noted that the evidence in the record showed that "after ICE's attempts to obtain travel documents and an ID for Ermin S. in 2022, it did not re-apply for documents until three months *after* the revocation of Ermin S.'s release," meaning that "Ermin S.'s removability was substantively unchanged from the last time ICE had attempted his removal in 2022." *Id.* at 14–15.

On April 22, 2026, the Government filed objections to the R&R, ECF No. 13, a new declaration from an ICE Deportation Officer, ECF No. 13-1, and documents from Ermin S.'s immigration records, ECF No. 13-2, which were not before Judge Micko at the time he took Ermin S.'s petition under advisement.

On April 24, 2026, Ermin S. filed a letter to the Court stating that he had not received a copy of the R&R and asking for an update on this case. *See* ECF No. 15. In response, the Court issued an order on May 6, 2026, informing the parties that it would consider the Government's newly submitted exhibits and sua sponte extending Ermin S.'s deadline to respond to the Government's objections to May 26, 2026. ECF No. 16 at 2–4. In consideration of the "pattern of significant delays in delivering mail relating to this case to and from" Ermin S., the Court also ordered the Government to personally serve all relevant documents on Ermin S. by May 11, 2026. *Id.* at 2–3.

The Government timely served the documents on Ermin S. on May 8, 2026. ECF No. 19. However, on June 8, 2026, Ermin S. filed another letter stating that the "last

7

information [he] got about [his] case" was the R&R, but he does not specify when he received the R&R. ECF No. 20. He also states that he has not received "any more information" about his case. *Id.* Just a few days later, however, on June 12, 2026, Ermin S. sent an additional letter to the Court. ECF No. 21. In it, he recognizes that Judge Micko had issued an R&R and "[d]ue to the Respondents' objection to the R&R, it has triggered [] 'de novo' review." *Id.* Ermin S. respectfully asked for an update on his case stating, "I'm sorry for any inconvinence [sic] I'm causing you, [but I] would like to know the outcome of my case." *Id.*

## STANDARD OF REVIEW

If a party raises timely objections to a magistrate judge's recommended disposition of a dispositive issue, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Although the Court ordinarily "relies on the record of proceedings before the magistrate judge," the Court may "receive further evidence" as part of its de novo review. D. Minn. L.R. 72.2(b)(3). Absent specific objections, the district judge reviews the magistrate judge's recommendation for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held

8

'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

## I.    Ermin S.'s June 8 and June 12 Letters

Before turning to the merits of the Government's objections, the Court must address Ermin S.'s assertion that he has not received any "information" about his case other than the R&R in his June 8, 2026 letter.  ECF No. 20.

Acknowledging that delivery of mail to and from Ermin S. had been delayed in some instances, the Court sua sponte extended the deadline for Ermin S. to respond to the Government's objections to the R&R and newly submitted evidence.  ECF No. 16.  It is worth clarifying, however, that the Court did not state, and did not intend to imply, that mail relating to this case was not being delivered to Ermin S. at all.  *See id.*  Indeed, Ermin S. received, and meaningfully responded to, the Court's February 18, 2026 order seeking clarification regarding his petition.  *See* ECF No. 7.  Nor is there any indication in the record that mail sent from the Court to Ermin S.—which would include copies of all new filings to the docket—has ever been returned as undeliverable.  Moreover, the Court took the extraordinary step of ordering counsel for the Government to personally serve all documents relevant to the Government's objections on Ermin S., ECF No. 16, and the Government timely certified its compliance with the Court's order, ECF No. 19.  Given that the Government personally served the relevant documents on Ermin S. more than a month ago, ECF No. 19, and that, as a matter of course, the Clerk of Court would have

promptly mailed copies of those documents when they were initially filed, the Court must conclude that Ermin S. has received at least two copies of every relevant filing in this case by now.[4]

The Court took these steps to ensure that Ermin S. had a full and fair opportunity to respond to the Government's objections and evidence. And in his June 12, 2026 letter, Ermin S. acknowledged his clear understanding that Judge Micko had issued an R&R and that the Government had objected to it. ECF No. 21. Given this, the Court is satisfied that Ermin S. has received the case file and has had more than adequate time and opportunity to submit a meaningful response to the Government's objections and evidence, but he has chosen not to do so. The Court therefore proceeds with its de novo review of the R&R based on the record as-is. This will allow Ermin S. "to know the outcome of [his] case." *Id.*

## II.    The Government's Objections

In situations where a noncitizen has been ordered removed from the United States, but ICE determines that "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future," 8 C.F.R. § 241.13(g)(1), ICE may not detain the noncitizen indefinitely, *see Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001). Instead,

---

[4]    In fact, Ermin S. may have received three copies of each document. In response to the Court's order directing the Government to personally serve the documents on Ermin S., the Government initially mailed copies of the documents to Ermin S. *See* ECF No. 17. After the Court clarified that it intended for the Government to personally serve the documents rather than serving them by mail, ECF No. 18, the Government certified that they "were personally served" on Ermin S. "by personnel of the Crow Wing County Jail," ECF No. 19.

the regulations require ICE to "promptly make arrangements for the release of the [noncitizen] subject to appropriate conditions," typically in the form of an OSUP.  8 C.F.R. § 241.13(g)(1).  An OSUP may be revoked, and the noncitizen may be re-detained, in two circumstances: (1) if the noncitizen violates the OSUP's conditions; or (2) if circumstances change such that ICE determines the noncitizen's removal is significantly likely in the reasonably foreseeable future.  *Id.* § 241.13(i)(1)–(2).  In either case—an OSUP violation or changed circumstances—ICE must notify the noncitizen of the "reasons for revocation of his or her release" and "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  *Id.* § 241.13(i)(3).  As part of that informal interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she [will] be removed in the reasonably foreseeable future, or that he or she has not violated" the OSUP.  *Id.*

The core dispute here is whether ICE followed these regulations when it revoked Ermin S.'s OSUP in July 2025.  *See Saengnakhone S. v. Noem*, No. 25-cv-4775 (ECT/LIB), 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)) ("Agencies must follow their own regulations.").  The R&R concludes that ICE did not follow the regulations because the Government had not met its burden to show "changed circumstances that made Ermin S.'s removal likely in the reasonably foreseeable future at the time of revocation."  ECF No. 11 at 14.

The Government first argues that it is Ermin S.'s burden, not the Government's, to "demonstrat[e] there is no significant likelihood of removal." ECF No. 13 at 2. The Court disagrees. Ermin S. bears the burden of proving entitlement to habeas relief, *see Walker v. Johnston*, 31 U.S. 275, 286 (1941), but "the regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future," *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (collecting cases). As the Court explained in *Roble*:

> Absent specific statutory or regulatory language on the allocation of the burden of proof (as is the case in 8 C.F.R. § 241.13(i)(2)), the Court is guided by the "default rule" that the burden falls on the party who "generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion."

*Id.* at 773 (quoting *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005)).

The Government next argues that it properly revoked Ermin S.'s OSUP in accordance with 8 C.F.R. § 241.13(i)(2) by serving a notice of revocation on and conducting an informal interview with Ermin S. *See* ECF No. 13 at 3. But the R&R correctly notes that the "changed circumstances" cited in the notice of revocation—that Ermin S.'s removal was significantly likely in the reasonably foreseeable future "[b]ased on recent discussions with the government of Bosnia-Herzegovina," ECF No. 13-2 at 9— did not actually exist at the time the Government revoked Ermin S.'s OSUP. *See* ECF No. 11 at 14–15. For example, the Government does not dispute that in July 2025, when it revoked Ermin S.'s OSUP, it had not obtained a travel document for Ermin S.; had not obtained a valid, government-issued photo ID for Ermin S.; and had not, in fact, had "discussions" with the Bosnian government since April 2022, when the Bosnian

government informed the Government that it required a government-issued photo ID to issue a travel document for Ermin S.  *See* ECF No. 13 ¶ 8.  The Court has ordered the release of petitioners in similar circumstances.  *See, e.g.*, *Roble*, 803 F. Supp. 3d at 771, 774 (ordering release of a noncitizen-petitioner where the notice of revocation of the petitioner's OSUP "summarily assert[ed] that changed circumstances render[ed] [his] removal from the U.S. significantly likely in the reasonably foreseeable future" without evidence of any actual changed circumstances).  And to the extent the Government now asserts that it revoked Ermin S.'s OSUP because of his many apparent violations of the OSUP's conditions, *see* ECF No. 13 at 3; ECF No. 13-1 ¶ 21, that justification is not even suggested, much less expressly stated, in the notice, *see* ECF No. 13-2 at 9.

The Government nonetheless is correct that "a significant likelihood of removal exists" now.  ECF No. 13 at 3.  Ermin S. has been informed throughout the course of these proceedings, if not before he filed his petition, of the circumstances that have changed: (1) that the Bosnian government reassured the Government as recently as October 2025 that it will issue a travel document for Ermin S. upon receipt of a government-issued photo ID for Ermin S., *see* ECF No. 10 ¶ 37; and (2) that as of at least April 2026, ICE has been working with USCIS to expedite the issuance of an EAD for Ermin S., which will "fulfill the government-issued photo ID requirement," ECF No. 13-1 ¶ 27.  Ermin S. knows very well why ICE revoked his release, and he has had the opportunity to respond to the Government's objections and its newly submitted evidence in these proceedings, but he has not done so.  The Court therefore concludes that Ermin S.'s "procedural rights were honored in substance, if not in form."  *Somvang P. v. Dep't of Homeland Sec.*,

No. 26-cv-0037 (PJS/EMB), 2026 WL 788853, at *1 (D. Minn. Mar. 20, 2026).  As Chief

Judge Patrick J. Schiltz explained in *Somvang P.*:

> [I]f the Court ordered that [Ermin S.] be released, ICE would have the right
> to take him back into custody immediately.  The only thing that would be
> accomplished is that ICE would have to give [Ermin S.] formal notice of
> something he already knows and give him an opportunity to tell ICE what he
> has already told them.  Nothing meaningful would be accomplished. . . .  In
> short, the Court sees no point in releasing [Ermin S.] for a couple of seconds
> so that "ICE may give [him] notice of changed circumstances that he has
> already litigated in this action."

*Id.* at *2–3 (quoting *Saengnakhone S.*, 2026 WL 34132, at *5 n.5).

To be sure, the Government could (and should) have been more diligent here, both

in attempting to secure a photo ID for Ermin S. and in using more accurate and precise

language in revoking Ermin S.'s OSUP.  It is unclear, for example, why the revocation

notice offers only a vague reference to ICE's purported "recent discussions with the

government of Bosnia-Herzegovina" as the basis for revoking Ermin S.'s OSUP, ECF

No. 13-2 at 9, rather than citing any (or all) of Ermin S.'s clear and repeated violations of

the OSUP's conditions, *see, e.g.*, ECF No. 13-1 ¶¶ 7–13, 15–17, 21, each of which would

have entitled the Government to revoke the OSUP, *see* 8 C.F.R. § 241.13(i)(1).

That said, Ermin S. was warned at the time he was released on the OSUP that his

failure to comply with the conditions of the OSUP, which included "assist[ing] U.S.

Immigration and Customs Enforcement in obtaining any necessary travel documents,"

could "result in [him] being taken into [ICE] custody."  ECF No. 13-2 at 3, 5.  He has

known for more than four years that the Government obtaining a government-issued photo

ID for him was the only remaining obstacle to the Government securing a travel document

14

for him and removing him to Bosnia.  *See* ECF No. 13-1 ¶ 8.  But during that time, Ermin S. has demonstrated a clear pattern of obstructing the Government's efforts to do so.  *See id.* ¶¶ 9–22; ECF No. 10 ¶¶ 23–30.  The Government now presents evidence that it is working expeditiously, through an agency fully within its control, to obtain a photo ID for Ermin S. that would "support the issuance of a travel document."  ECF No. 13 ¶ 27.  And the Court cannot overlook that Ermin S. likely would have been removed already, and certainly would not be in the situation he is in now, had he complied with the terms of his OSUP from the beginning and cooperated in obtaining a photo ID.  In short, the Government's inability to secure a travel document for Ermin S. and execute his removal order is a direct result of Ermin S.'s refusal to comply with the OSUP's conditions, but the Government has sufficiently demonstrated that it is now positioned to obtain a travel document and, consequently, that Ermin S.'s removal is significantly likely in the reasonably foreseeable future.

For these reasons, although the Court agrees with the R&R's conclusion that ICE did not provide Ermin S. with adequate notice of the reasons for revoking his OSUP in July 2025, the Court does not believe Ermin S. is entitled to habeas relief.  Accordingly, the Court respectfully rejects the R&R and denies Ermin S.'s petition.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.      The R&R (ECF No. 11) is **REJECTED**;

2.      Ermin S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

3.      This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 18, 2026                              *s/Laura M. Provinzino*
                                                  Laura M. Provinzino
                                                  United States District Judge

16